IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVEN MADEWELL                                                     PLAINTIFF

v.                                     CIVIL NO. 18-05234

ANDREW SAUL[1], Commissioner                              DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Steven Madewell, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying his claims for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his DIB and SSI applications on April 12, 2016. (Tr. 30). In his applications, Plaintiff alleged disability beginning on April 12, 2016, due to: depression, chronic obstructive pulmonary disease (COPD), fibromyalgia, anxiety, a herniated disc, deterioration of discs in his back, and arthritis in his back and joints. (Tr. 30, 346, 350). An administrative hearing was held on October 19, 2017, at which Plaintiff appeared with counsel and testified. (Tr. 51-97).

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated February 22, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: degenerative disc disease in his cervical and lumbar spine; chronic obstructive pulmonary disease (COPD); fibromyalgia syndrome; diabetes mellitus; obstructive sleep apnea; osteoarthritis of the right shoulder; history of left shoulder history; obesity; anxiety disorder; depressive disorder; neurocognitive disorders; and a somatic symptom disorder. (Tr. 27, 33). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 33-35). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> Lift and carry twenty pounds occasionally and ten pounds frequently. The claimant can stand, walk, and sit for six out of eight hours in a workday each. The claimant can push or pull as much as he can lift and carry. The claimant can occasionally climb ramps, stairs, ladders, ropes, and scaffolds, as well as occasionally balance, stoop, kneel, crouch, and crawl. In addition, the claimant must avoid concentrated exposure to fumes, odors, dusts, gases, and poorly ventilated areas. The claimant must also avoid concentrated exposure to hazardous machinery and unprotected heights. Moreover, the claimant is able to perform work where interpersonal contact is incidental to the work performed and the complexity of tasks is learned and performed by rote with few variables, little judgment, and the supervision required is simple, direct, and concrete. Finally, the claimant can occasionally reach overhead and in all other directions with his bilateral upper extremities.
> (Tr. 35-40).

Based upon the testimony of the vocational expert, the ALJ found Plaintiff would be unable to perform any of her past relevant work but would be able to perform the representative occupations of conveyor line bakery worker, laminating machine off bearer, or a mill stenciler. (Tr. 40, 41-42).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises a single issue in this matter, whether ALJ failed to resolve direct conflicts between his RFC assessment, the Dictionary of Occupational Titles, and the vocational expert's testimony. (Doc. 13). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 10th day of January 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE